JOSEPH GEREGHTY, PLAINTIFF-RESPONDENT, v. FERDINAND A. WAGNER AND JERSEY CENTRAL POWER AND LIGHT COMPANY, DEFENDANTS-APPELLANTS.

Submitted May 29, 1936—Decided October 2, 1936.

For Jersey Central Power and Light Company, *Henry D. Brinley, McCarter & English* (*Robert H. McCarter*).

For Ferdinand A. Wagner, *Collins & Corbin, Edward A. Markley* and *Charles W. Broadhurst.*

For the plaintiff-respondent, *David T. Wilentz.*

The opinion of the court was delivered by

BODINE, J. The defendants appeal from a judgment in favor of the plaintiff. On Sunday morning, November 23d, 1930, at a little after ten, the plaintiff was driving his automobile along a heavily traveled thoroughfare known as route 35 from South Amboy to Keyport. Observing a wrecked car, he stopped his automobile in order that he might be of assistance if there was need. He learned from a bystander that the persons injured had been taken to a hospital, so he turned on the roadway to return to his car. He was then struck by a wire swinging in the breeze and dangling from a pole. He suffered serious injuries—the wire being in contact

with a high tension line operated by the defendant Power and Light Company. The time of the occurrence is definitely fixed at not earlier than twenty-five minutes past ten and not later than twenty minutes of eleven.

It appears in the record that at about ten minutes past ten, the defendant Wagner, who was returning in his automobile from fishing, fell asleep and struck the pole where plaintiff was later injured. The arrangement of the wires was such that the top cross-arm carried four thirty-three thousand-volt lines, two on each side of the pole. The next lower cross-arm, three feet below, carried two of the same type of wires. The lower cross-arm four feet lower and seven feet from the top arm carried the comparatively harmless two thousand three hundred-volt local distribution line. The high tension lines were under control at the Keyport station, five miles away from the place of the accident. The impact between the Wagner car and the pole caused a wire on the top arm to become untied, causing one of the thirty-three thousand-volt uninsulated wires to sag about seven feet to the distribution arm burning the street lighting wire in such fashion that two ends of it became loose and suspended over or close to the highway within four or five feet of the ground. In fact, there was some evidence that there were four loose ends of wire dangling from the uninsulated high tension line and close to the highway.

There was evidence that at ten minutes past ten, the Power Company knew of some disturbance upon its high volt line because the circuit breaker at the Keyport station "tripped," but according to custom the current was again turned on. Further, in addition to this notice, a telephone call a few minutes later was received advising of the disturbance. Notwithstanding, the operative in charge continued to permit the current to flow through the dislodged tension line until sixteen minutes of eleven.

There was some testimony that employes of the company happening upon the scene of the accident had warned the plaintiff of the danger. He denied this. So the issue of contributory negligence was for the jury.

The verdict being general, both of the defendants have taken separate appeals. Assuming that the proofs do show that the construction of the line was of the standard type in general usage throughout the country, it still seems that the case against the Power Company was properly one for the jury, because it was open to the jury from the proofs, to find that the company, notwithstanding that it knew of the damage to its line, not only by reason of the action of the automatic tripper but also by reason of the telephone call received at its power station some seven or eight minutes after the occurrence, still continued to send a highly dangerous current along its lines and at a place where, by reason of loosened wires, it became a cause of injury to a person lawfully upon the highway. The jury could find, as they did, that this act was the proximate cause of the injury suffered. The fourth paragraph of the complaint sufficiently alleged such negligence and the charge of the court covered the point in a proper manner.

As to the appeal of Wagner, it is urged that his negligence was not the proximate cause of the injury. The jury could find, as they did, that Wagner having, by his negligent act, disturbed the high tension line so as to cause the wires to dangle across the street, was responsible for the consequences of his negligent act. The causal connection between his wrong and the resulting injury would not be superseded by reason of the failure of the Power Company to perform a duty owing to the public to shut off its current after notice of the occurrence. *Daniel* v. *Gielty Trucking Co.*, 116 *N. J. L.* 172.

The other matters argued in the appellants' briefs have been considered but require no further discussion.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 15.

*For reversal*—None.